37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Walter B. JOHNSON, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 93-16876.
 United States Court of Appeals, Ninth Circuit.
 Oct. 14, 1994.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CV-91-0365-VRW; Vaughn R. Walker, District Judge, Presiding.
 
 
 2
 Before: FARRIS and BEEZER, Circuit Judges, and MCLAUGHLIN,* District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 Walter Johnson, a California state prisoner, filed a second petition for habeas corpus under 28 U.S.C. Sec. 2254 alleging new claims not raised in his first petition, and three claims which he had attempted unsuccessfully to include in his first petition (the "Three Claims"). The district court dismissed Johnson's entire second petition as an abuse of the writ. Johnson appeals only the dismissal of the Three Claims. We have jurisdiction under 28 U.S.C. Sec. 2253. We review for an abuse of discretion a district court's decision to deny consideration of a petition for habeas corpus on the merits because the petition is abusive. Neuschafer v. Whitley, 860 F.2d 1470, 1474 (9th Cir.1988), cert. denied, 493 U.S. 906 (1989). Because we determine that Johnson did not abuse the writ as to the Three Claims under the circumstances of this case, we reverse and remand for further proceedings, and find it unnecessary to reach Johnson's alternative grounds on appeal.
 
 
 5
 * PROCEEDINGS
 
 
 6
 In 1988, Johnson was convicted by a jury in the San Francisco County Superior Court of burglary in the first degree. Cal.Penal Code Sec. 459. In a separate trial, the court found that eight alleged prior burglary convictions constituted serious felonies. Cal.Penal Code Secs. 667, 1192.7, subd. (c)(18). Johnson was sentenced to four years in prison for the burglary plus seven consecutive five-year enhancements for each of the seven prior serious felony convictions, for a total of thirty-nine years. On appeal, the California Court of Appeal affirmed the judgment. The California Supreme Court denied review.
 
 
 7
 On August 7, 1989, Johnson filed his first petition for habeas corpus in the district court asserting claims which challenged the sentence enhancement. Johnson had properly exhausted state remedies as to these claims. On February 23, 1990, Johnson, representing himself pro se, filed an untitled pleading raising the additional Three Claims on appeal herein, viz., (1) one or more of his prior guilty pleas was involuntary; (2) he was denied effective assistance of counsel in making one or more of his prior guilty pleas; and (3) his probation was revoked unlawfully. At the time he filed the supplemental pleading, Johnson had not exhausted his state remedies as to the Three Claims. On March 20, 1990, the district court denied both the original claims on the merits and Johnson's request to incorporate into the first petition the Three Claims in the supplemental pleading. The district court "informed [P]etitioner that he would first have to exhaust his state remedies for the claims." Johnson v. Borg, No. C-91-0365 VRW (N.D.Cal. Mar. 13, 1992) (order, at 2). E.R. 200: 26-27.
 
 
 8
 Johnson filed his second petition for habeas corpus with the district court on February 6, 1991, alleging numerous violations of constitutional rights and the Three Claims. Id. at 3-4. The district court ordered respondent to file a motion to dismiss for abuse of the writ and, after considering the motion and opposition, dismissed the entire second petition on January 19, 1993. Johnson timely appealed the dismissal of the Three Claims. The district court believed, and we accept for this appeal, that Johnson had exhausted his state remedies with respect to the Three Claims by the time he filed his second petition. See id. at 4.
 
 II
 ANALYSIS
 
 9
 Under McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 1470 (1991), a second petition for habeas corpus containing only new claims may be dismissed for abuse of the writ unless the petitioner can show cause for failing to raise the new claim in the earlier petition and prejudice therefrom, or that a fundamental miscarriage of justice would result from failure to entertain the new claim. McCleskey was decided after Johnson filed his second petition (February 6, 1991) and before the district court dismissed the second petition (January 19, 1993). McCleskey can be applied to pending habeas petitions. Harris v. Vasquez, 949 F.2d 1497, 1512 (9th Cir.1991) (on denial of rehearing en banc), cert. denied, --- U.S. ----, 112 S.Ct. 1275 (1992).
 
 
 10
 Johnson attempted to raise the Three Claims in his supplemental pleading to his first petition. Therefore, Johnson did not deliberately withhold the Three Claims. To the contrary, they were prematurely raised because they were unexhausted claims. However, McCleskey requires that all claims must be raised in the first habeas petition unless the "cause and prejudice" exception applies.
 
 
 11
 Due to the unique facts of this case, Johnson falls within the "cause and prejudice" exception to McCleskey. At the time Johnson filed his first petition, Ninth Circuit precedent expressly permitted "petitioners to exhaust their state remedies one by one and to bring a new federal habeas petition each time they exhaust a state claim." Neuschafer, 860 F.2d at 1475. The district court's dismissal of Johnson's first petition and refusal to incorporate the Three Claims into the first petition because they were unexhausted, recognized this rule. Until McCleskey was decided subsequent to the filing of his second petition, Johnson had engaged in no conduct which the courts of this Circuit would have deemed an abuse of the writ. Unlike the petitioner in Hamilton v. Vasquez, 17 F.3d 1149 (9th Cir.), cert. denied, 114 S.Ct. 2706, 114 S.Ct. 2728 (1994), Johnson was never warned that claims might be deemed waived if not presented in his original petition. Cf. id. at 1165. The Hamilton court stated: "We would be sympathetic to [petitioner's] argument if he had in fact reasonably assumed that all unexhausted claims could be presented without restriction in a subsequent petition." Id. Here, Johnson made that assumption and it was reasonable under the circumstances. Indeed, in denying Johnson's request to incorporate into the first petition the Three Claims, the district court informed Johnson that "[i]f [he] wishes to raise these grounds in a subsequent petition, he must first exhaust his state court remedies." Johnson v. Borg, No. C-89-2909-VRW (N.D.Cal. Mar. 20, 1990) (order, at 11). E.R. 69: 6-8. Therefore, Johnson has established cause for not including the Three Claims in his first petition. Prejudice to Johnson also exists, as the district court refused to consider the Three Claims on the merits when they were presented in the second petition. Accordingly, the district court erred in determining that Johnson abused the writ with respect to the Three Claims.
 
 
 12
 Therefore, the district court's dismissal of the Three Claims in the second habeas corpus petition is REVERSED and REMANDED for further proceedings.
 
 
 
 *
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3